UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY SCOTT ANGER, #774678,

        Plaintiff,

                              Case No. 12-CV-14980

v.                           HONORABLE MARK A. GOLDSMITH

MICHAEL J. GINGELL, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND DIRECTING SERVICE UPON REMAINING DEFENDANTS**

**I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff, Michigan prisoner Randy Scott Anger, is currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, and alleges that he was improperly sent to a mental health clinic and improperly treated with anti-psychotic medications during the course of state criminal proceedings. In his original and amended complaints (Dkts. 1 and 5), Plaintiff raises claims of abuse of process, extortion, cruel and unusual punishment, and severe mental anguish. He names Oakland County Board of Commissioners Chairperson Michael J. Gingell, Oakland County Circuit Judge Nanci J. Grant, the Caro Center, Dr. Lawrence Co, and defense attorney Shawn P. Smith as defendants. He sues Gingell in his official capacity and sues the other defendants in their individual and official capacities. Plaintiff seeks compensatory and punitive damages. The Court has granted Plaintiff's application for leave to proceed without prepayment of the fees and costs for this action (Dkt. 7).

## II. LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to screen and dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992).

A pro se civil rights complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (explaining that the allegations contained in a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Id. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

These requirements must be applied to Plaintiff's civil rights claims under 42 U.S.C. § 1983, which require allegations that: (1) a plaintiff was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

### III. DISCUSSION

#### A. Claims Against Attorney Smith

Plaintiff brings claims of abuse of process, extortion, cruel and unusual punishment, and severe mental anguish against his defense attorney, Shawn P. Smith. However, Smith is not a proper defendant in a civil rights action brought pursuant to § 1983. It is well-settled that retained or appointed attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. Elrod v. Michigan Supreme Court, 104 F. App'x 506, 508 (6th Cir. 2004). Because Smith is not a state actor, Plaintiff's claims against him must be dismissed.

#### B. Claims Against Chairperson Gingell

Plaintiff brings claims of abuse of process, cruel and unusual punishment, and severe mental anguish against Oakland County Board of Commissioners Chairperson Michael J. Gingell, essentially alleging that he failed to properly supervise Oakland County Circuit Judge Nancy J. Grant. Those claims must be dismissed. First, Plaintiff has failed to allege facts demonstrating the personal involvement of Gingell in the events giving rise to his complaint. It

is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-692 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior); Taylor v. Michigan Dep't of Corr., 69 F.3d 76, 81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated or at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct to establish liability). Plaintiff has not done so with respect to Gingell. His claim that Gingell failed to supervise Judge Grant and did not properly respond to the situation is insufficient to state a claim under § 1983. See, e.g., Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act").

Second, it is well-settled that a county is only liable for acts done by its agents or employees in furtherance of a county policy, custom, or practice. Monell, 436 U.S. at 692; Leach v. Shelby Cnty. Sheriff, 891 F.2d 1241, 1245-1246 (6th Cir. 1989). The Oakland County Circuit Court is part of the judicial branch of state government, and its employees are state employees. It is part of Michigan's court system which constitutes a separate branch of state government. Mich. Const. 1963, art. VI, § 1. See Pucci v. Nineteenth Dist. Court, 628 F.3d 752, 762-763 (6th Cir. 2010) (discussing Michigan's court system and stating that "there can be no doubt that all of Michigan's courts, including those trial-level courts funded by local funding units, are part of one, unified judicial branch of the state"). The court and its judges are not subject to the control of the county or its board of commissioners, nor does the county pass policies that judges must follow in the exercise of their judicial responsibilities. Thus, Plaintiff's claims against Gingell must be dismissed.

**C. Claims Against Judge Grant**

Plaintiff brings claims for abuse of process, cruel and unusual punishment, and severe mental anguish against Oakland County Circuit Judge Nanci J. Grant. Plaintiff's claims against Judge Grant are subject to dismissal based upon Eleventh Amendment and absolute immunity. Because Plaintiff sues Judge Grant in her official capacity for damages, his claims are barred by Eleventh Amendment immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. Id. at 71. The State of Michigan has not consented to be sued for civil rights actions in federal court, Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979). The Michigan courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. Pucci, 628 F.3d at 762-764. Such immunity extends to judges in the Michigan courts who are sued in their official capacities. Id. at 764. Consequently, Plaintiff's claims for damages against Judge Grant in her official capacity must be dismissed.

Plaintiff's claims against Judge Grant in her individual capacity also cannot proceed because she is entitled to absolute judicial immunity. Judges are entitled to absolute judicial immunity on claims for monetary damages under § 1983 for actions taken in their judicial capacity unless they completely lacked jurisdiction. Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994). Plaintiff's claims against Judge Grant concern the performance of her judicial duties for

which she had jurisdiction. She is thus entitled to absolute judicial immunity, and Plaintiff's claims against her must be dismissed.

### D. Claims Against the Caro Center and Dr. Lawrence Co

Plaintiff brings claims of abuse of process, cruel and unusual punishment, and severe mental anguish against the Caro Center and Dr. Lawrence Co regarding his medical treatment. The abuse of process claim must be dismissed. First, the Sixth Circuit has not determined whether an abuse of process claim is a cognizable claim that may be redressed under § 1983. Voyticky v. Timberlake, 412 F.3d 669, 676-677 (6th Cir. 2005). Second, assuming that such a claim is a cognizable federal claim, it would likely track the elements of the state law claim. Id. at 677. Under Michigan law, an abuse of process claim requires a plaintiff to establish: (i) an ulterior purpose and (ii) an act that is improper in the regular prosecution of a case. Peiser v. Detroit Free Press, 242 N.W.2d 775, 778 (Mich. Ct. App. 1976). Plaintiff has not alleged any facts to show an "ulterior purpose" and/or an improper act during prosecution as to these defendants. His claim is purely conclusory. Conclusory allegations are insufficient to state a civil rights claim. Lanier v. Bryant, 332 F.3d 999, 1007 (6th Cir. 2003). He has thus failed to state a claim for abuse of process.

However, Plaintiff's claims against the Caro Center and Dr. Lawrence Co regarding his medical care and mental anguish are not subject to summary dismissal. See Hudson v. McMillan, 503 U.S. 1, 5 (1992) (confirming that the "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment"); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (ruling that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"). While Plaintiff may or may not ultimately prevail on those claims, the Court

6

cannot say currently, without the benefit of full briefing, that he has not pled sufficient facts to state a claim for possible relief. Service of the complaint, limited to the cruel and unusual punishment and mental anguish claims against Defendants Caro Center and Dr. Lawrence Co, is appropriate.

### IV. CONCLUSION

For the reasons stated above, the Court concludes that Defendant Smith is not subject to suit under § 1983, that Plaintiff has failed to state a claim upon which relief may be granted against Defendant Gingell, that Defendant Grant is entitled to Eleventh Amendment and absolute immunity, and that Plaintiff has failed to state an abuse of process claim against Defendants Caro Center and Dr. Lawrence Co. Accordingly, the Court dismisses with prejudice those claims, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff's cruel and unusual punishment and mental anguish claims regarding his medical care against Defendants Caro Center and Dr. Lawrence Co are not subject to summary dismissal. Accordingly, the Court directs that a copy of the amended complaint and a copy of this order be served upon Defendants Caro Center and Dr. Lawrence Co by the United States Marshal without prepayment of costs.

Lastly, the Court concludes that an appeal from this opinion and order would be frivolous and cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); McGore v. Wrigglesworth, 114 F.3d 601, 610-611 (6th Cir. 1997).

SO ORDERED.

Dated: April 25, 2013                s/Mark A. Goldsmith
    Flint, Michigan                MARK A. GOLDSMITH
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2013.

s/Deborah J. Goltz<br>
DEBORAH J. GOLTZ<br>
Case Manager