UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY SCOTT ANGER,

       Plaintiff,                              No. 12-14980

v.                                             District Judge Mark A. Goldsmith
                                                Magistrate Judge R. Steven Whalen

MICHAEL J. GINGELL, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On November 9, 2012, Plaintiff Randy Scott Anger, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil complaint under 42 U.S.C. § 1983, raising a number of claims arising out of his allegation that he was improperly treated with anti-psychotic medication during the course of state criminal proceedings. The Court has *sua sponte* dismissed certain claims pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915(e)(2)(B). *See* Doc. #9. Before the Court is a Motion to Dismiss [Doc #13] filed by the remaining Defendants, Dr. Lawrence Co and the Caro Center, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

## I.     FACTS

During the course of state criminal proceedings in the Oakland County Circuit Court, Judge Nanci J. Grant ordered that Mr. Anger be medicated with psychotropic drugs in order to restore him to competency. Toward this end, Mr. Anger was sent to the Caro Center, where, pursuant to Judge Grant's order, Defendant Dr. Co administered anti-psychotic medication.1  In his amended complaint [Doc. #5], Mr. Anger claims that he was not mentally ill, that he was improperly medicated without his consent, and that as a result of the medication that Dr. Co administered, he suffers from Tardive Dyskinesia2 and loss of vision. He claims that the Caro Center and Dr. Co were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.3  Mr. Anger alleges that these Defendants "knew that he had a greater risk of both physical and neurological issues such as Tardive Dyskinesia but forced severe sedation on Plaintiff anyway inflicting Tardive Dyskinesia through negligence." *Amended Complaint*, ¶ 16. He claims that Dr. Co inflicted "severe mental anguish" on him. *Id.* ¶ 30.

---

1 Judge Grant was dismissed as a Defendant on April 25, 2013.
2 Tardive Dyskinesia is a neurological condition generally manifested by involuntary movements of the facial muscles and tongue. It can result from the use of anti-psychotic drugs. *See* www.medilexicon.com/medicaldictionary.php.
   3  Mr. Anger was a pretrial detainee at the time he was sent to the Caro Center. Although pretrial detainees' rights are analyzed under the Fourteenth Amendment's Due Process Clause, they are completely analogous to the Eighth Amendment rights of prisoners, *Barber v. City of Salem, Ohio,* 953 F.2d 232, 235 (6th Cir.1992), in order "to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial." *Roberts v. City of Troy,* 773 F.2d 720, 723 (6th Cir.1985).
Hence, pretrial detainees have a Due Process right to medical care, which can be analyzed under an Eight Amendment paradigm. *Rich v. City of Mayfield Heights,* 955 F.2d 1092, 1096 (6th Cir.1992).

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief.

## III.   DISCUSSION

Defendants have raised a number of argument in support of their request for dismissal. However, one issue is completely dispositive: Mr. Anger has simply not stated a claim for deliberate indifference under the Fourteenth and Eighth Amendments.

Under the Eighth Amendment, prison and jail officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97 (1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir.2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860, n. 5 (6th cir.1976). *See also Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir.1999), citing *Estelle v. Gamble, supra,* 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition"); *Comstock,* 273 F.3d at 702 ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." ). Moreover, the degree of injury that a plaintiff might suffer does not elevate medical malpractice to the level of deliberate indifference. In *Gabehart v. Chapleau*, 1997 WL 160322, *2 (6th Cir. 1997), the Sixth

–4–

Circuit stated:

> "It is clear, in hindsight, that [plaintiff] was misdiagnosed on several occasions and that, as a result, his course of treatment was inadequate and he suffered considerably. It may even be the case, as [plaintiff's] expert witnesses testified, that the treatment [Plaintiff] received fell below professional standards. Misdiagnoses, negligence, and malpractice are not, however, tantamount to deliberate indifference."

In this case, Plaintiff's amended complaint explicitly claims that Dr. Co was *negligent* in administering anti-psychotic medication. And in his response to this motion he states, "In this case Dr. Co provided improper treatment for closed head injury, in other words, medical malpractice." *Plaintiff's Response* [Doc. #14], at 13. *See also id.* at 18 (dismissal should be denied because Dr. Co's treatment constituted "the essence of medical malpractice").

To be sure, later in the amended complaint Mr. Anger uses the term "deliberate indifference:"

> "Dr. Co was deliberately indifferent to Plaintiff['s] medical needs as the Plaintiff had a closed head injury and was not schizophrenic…."

But as Mr. Anger readily concedes, Dr. Co acted pursuant to a court order for treatment that would restore competency. Dr. Co made a medical judgment that Mr. Anger had a psychiatric condition that would respond to psychotropic medication. Mr. Anger may disagree with Dr. Co's diagnosis and his choice of treatment, but mere disagreement does not equate to deliberate indifference. In *Thomson v. Spitter,* 2014 WL 235485, *10 (W.D.Mich. 2014), the court summarized the law as follows:

> "While plaintiff disagrees with defendants' medical judgment with respect to treating his purported seizure disorder with a particular medication, and plaintiff wants to have

–5–

treatment contrary to that judgment, this disagreement between plaintiff and his health care providers does not rise to the level of a federal constitutional claim. *See Woodberry v. Simmons,* 146 Fed.Appx. 976, 977 (10th Cir.2005) ('a difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference'); *Owens v. Hutchinson,* 79 Fed. Appx. 159, 161 (6th Cir.2003) ('[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim'); *Wright v. Genovese,* 694 F.Supp.2d 137, 155 (N.D.N.Y.2010) ('[d]isagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment')."

Mr. Anger's amended complaint does not set forth a plausible claim of deliberate indifference, or a related claim of severe mental anguish against Dr. Co. Because there was no constitutional violation, Dr. Co is also entitled to qualified immunity. Finally, even apart from questions of Eleventh Amendment and State immunity, the Caro Center would not in any event have supervisory liability for any of Dr. Co's actions. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), where the Supreme Court specifically held that in a § 1983 action, liability cannot be based on a theory of *respondeat superior,* or mere supervisory liability.4

### IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #13] be

---

4 Defendants' argument that the complaint should be dismissed under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies, is without merit. While Defendants rely on the MDOC grievance policy, Mr. Anger was not in the custody of the MDOC at the time of the events in question. In addition, while Defendants argue that Mr. Anger has not pled exhaustion, the Supreme Court has held that exhaustion is an affirmative defense that need not be pled. *Jones v. Bock,* 549 U.S. 199 (2007).

GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 12, 2014     R. STEVEN WHALEN
                             UNITED STATES MAGISTRATE JUDGE

      I hereby certify that a copy of the foregoing documents was sent to parties of record on February 12, 2014, electronically and/or by U.S. mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable R. Steven Whalen