UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY SCOTT ANGER, #774678,

        Plaintiff,

v.

MICHAEL J. GINGELL, et al.,

        Defendants.
_____/

Case No. 12-CV-14980

HON. MARK A. GOLDSMITH

**OPINION AND ORDER ACCEPTING AND ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED FEBRUARY 12, 2014 (Dkt. 21), OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 22), and DISMISSING THE COMPLAINT WITH PREJUDICE**

**I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff Randy Scott Anger, currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, alleges that he was improperly sent to a mental health clinic and improperly treated with anti-psychotic medications during the course of state criminal proceedings. In his amended complaint (Dkt. 5), Plaintiff raised claims of abuse of process, extortion, cruel and unusual punishment, and severe mental anguish against various government officials. In a previous order, the Court screened the complaint under the procedures provided by the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915 et seq., and summarily dismissed all the claims against three defendants. 4/25/13 Order (Dkt. 9). The Court also dismissed Plaintiff's abuse of process claims against Defendants Caro Center, a state-operated psychiatric hospital, and Dr. Lawrence Co, an employee at the Caro Center, whom Plaintiff sued in his official and personal capacities, but directed service of the amended complaint against these defendants for Plaintiff's cruel and

unusual punishment and mental anguish claims.  Id. at 6-7.  After service of the complaint, Defendants Caro Center and Lawrence Co ("Defendants") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Defs. Mot. (Dkt. 13).

The matter before the Court is the Report and Recommendation (R&R) issued by Magistrate Judge R. Steven Whalen on February 12, 2014 (Dkt. 21).  The factual and procedural background of this case, along with the standard of review and legal principles governing motions to dismiss under Rule 12, have been adequately set forth by the Magistrate Judge in his R&R and need not be repeated here.  The R&R recommends granting Defendants' motion under Rule 12(b)(6) because Plaintiff has failed to state a claim for deliberate indifference under the Fourteenth and Eighth Amendments.  Plaintiff filed objections to the R&R, see Pl. Obj. (Dkt. 22), and Defendants filed a response to Plaintiff's objections (Dkt. 23).  The Court reviews de novo those portions of the R&R to which a specific objection has been made.  Fed. R. Civ. P. 72(b)(3).  For the reasons provided below, the Court will accept and adopt the recommendation in the R&R, overrule Plaintiff's objections, and grant the motion to dismiss.

## II. ANALYSIS

The Court notes at the outset that Plaintiff does not specifically object to any conclusion or recommendation made by the Magistrate Judge in the R&R.  Indeed, Plaintiff does not mention the R&R at all, although he makes two arguments, one labeled "deliberate indifference" and the other labeled "sovereign immunity."  Pl. Objs 4-10.  The Court finds that these "objections" are, at best, generalized and vague.  Consequently, the objections fail on their face. Drew v. Tessmer, 36 F. App'x 561 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object.").  "[O]bjections must be clear enough to enable the district court to discern

2

those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Additionally, the Court rejects Plaintiff's arguments even when construing Plaintiff's objections as attacking the R&R's recommendation that Plaintiff has failed to state a claim because he has failed to allege deliberate indifference. The Court addresses and rejects each of Plaintiff's objections in turn.

### A. Plaintiff's first objection

In his first objection, Plaintiff appears to argue that Defendants engaged in deliberate indifference because Plaintiff was treated for a closed head injury by the administration of medications at a mental health facility. Pl. Objs. at 4-7. Plaintiff asserts that his treatment at Caro Center was improper because the facility did not specialize in physical injuries. Id. at 4 ("The Caro Center is a Psychiatric Hospital and is not equipped to provide medical services for an individual with a closed head injury.").

As the R&R correctly stated, claims that prison officials ignored the medical needs of prisoners under the Eighth Amendment turn upon the doctrine of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). But "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976); see also Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir. 1999) ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition"). Indeed, if "a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to

3

the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001).

Here, Plaintiff takes issue with the fact that he was administered medications by Dr. Co at Caro Center and criticizes that medical decision. Therefore, the conduct Plaintiff challenges does not rise to the level of a constitutional violation. Id.

Accordingly, the Court overrules Plaintiff's first objection.

### B. Plaintiff's second objection

In Plaintiff's second objection, Plaintiff appears to argue that Defendants should be denied "sovereign immunity" because his rights under the Eighth and Fourteenth Amendments were violated by the failure to deliver him "correct medical and proper care." Pl. Objs. at 10. Plaintiff states that Defendants "do not fall under the umbrella of sovereign immunity" because Defendant Dr. Co is, essentially, a subcontractor of Defendant Caro Center, which is a contractor of "Corizon Health Care, Inc." Id.

This muddled argument lacks merit for three reasons. First, as explained above, Plaintiff complains of the adequacy of his medical care, claiming in his objection and his response to Defendants' motion to dismiss that he suffered from medical malpractice. See, e.g., Pl. Resp. at 13 (Dkt. 14) ("Dr. Co provided improper treatment for closed head injury [sic] in other words, medical malpractice."); Pl. Objs. at 2 (alleging Defendants committed "negligence" with respect to his medical care). Despite the "sovereign immunity" label Plaintiff slapped onto the heading for his second objection, the substance of the objection takes issue with the quality of medical care Plaintiff received, which is not a cognizable constitutional violation. Comstock, 273 F.3d at 702.

4

Second, Plaintiff's argument that Defendants should be denied immunity because they are contractors with the State of Michigan is a wholly new argument presented for the first time. In objections to an R&R, a party cannot raise new arguments or expand previously made arguments. Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that "while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Plaintiff offers no explanation for his attempt to now expand his theory, which is not included in the complaint, the amended complaint, or the response to Defendant's motion to dismiss. To the contrary, the amended complaint identifies all of the defendants in this case as "state actors." Am. Compl. at 1 (cm/ecf Pg ID 615). The Court concludes that Plaintiff has waived any new arguments concerning whether Defendants are contractors.

Finally, qualified immunity shields Dr. Co and the Eleventh Amendment shields the Caro Center. Qualified immunity prevents a plaintiff from recovering against a government official in the official's personal capacity, unless the plaintiff can demonstrate a constitutional violation and show that the right infringed was clearly established such that a reasonable official would have known that his conduct was unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009). Furthermore, under the Eleventh Amendment, neither States nor their agencies or departments are subject to federal jurisdiction on either claims for money damages or prospective injunctive relief unless the state has expressly consented to suit or Congress has expressly waived this jurisdictional immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

To reiterate, Plaintiff has not alleged a cognizable constitutional violation by Dr. Co. Therefore, qualified immunity shields him. Pearson, 555 U.S. at 232. Furthermore, as Plaintiff

5

only seeks money damages from Defendants, see Am. Compl. at 5 (cm/ecf Pg ID 19), the Eleventh Amendment bars Plaintiff's § 1983 claim based on an Eighth Amendment violation. Will, 491 U.S. at 71.

Accordingly, the Court overrules Plaintiff's second objection.

### III.  CONCLUSION

For the reasons stated above, the Court accepts and adopts the recommendations contained in the R&R, overrules Plaintiff's objections, and dismisses all the claims against Defendants with prejudice.

SO ORDERED.

Dated: March 13, 2014  s/Mark A. Goldsmith
      Flint, Michigan  MARK A. GOLDSMITH
        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2014.

      s/Deborah J. Goltz
      DEBORAH J. GOLTZ
      Case Manager